**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAIRELL BROWN** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | 3-09-CV-472-L |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division**[1] | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**:  This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division, at the Jordan Unit, Pampa, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Upon his plea of not guilty to the offense of aggravated robbery as

---

[1] The previously-named Respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d), of the Federal Rules of Civil Procedure, he is automatically substituted as a party.

charged in the indictment returned in Cause No. F-05-15693-L Brown was tried by a jury which found him guilty and thereafter assessed his punishment at a term of 22 years imprisonment together with a $5,000.00 fine. He appealed his conviction and on June 29, 2007, the Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion. *Brown v. State*, No. 05-06-01345-CR. Brown did not file a petition for discretionary review to the Texas Court of Criminal Appeals.

Subsequently Brown filed an application for habeas corpus relief in the trial court pursuant to art. 11.07, Texas Code of Criminal Procedure. On February 11, 2009, the Court of Criminal Appeals denied relief based upon the court's finding. He then filed the instant § 2254 petition. In response to the petition and this court's show cause order Respondent filed an answer together with copies of the prior state proceedings in the aggravated robbery conviction. On August 10, 2009, Brown filed a response in opposition to the answer.

**Findings and Conclusions**:   In his first ground for relief Brown argues that the evidence was insufficient to permit the jury to find him guilty of the offense of aggravated robbery. In response to this claim Respondent asserts that consideration on the merits is procedurally barred in light of Petitioner's failure to have presented it to the Court of Criminal Appeals in the course of his direct appeal.

In order to exhaust a claim asserted in a § 2254 petition a prisoner seeking to collaterally attack a Texas state conviction must have either presented the claim in a direct appeal including the filing of a petition for discretionary review in the Court of Criminal Appeals or in an art. 11.07 application. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). In his rebuttal filed on August 10, 2009, Brown argues that he was denied the opportunity to file a petition for discretionary review.

A petition for discretionary review must be filed within thirty days of the intermediate

2

appellate court's decision unless extended by the court. *See* Rule 68.2,Tex.R.App.Proc. Despite the fact that Petitioner was granted an extension until September 28, 2007, to file a petition - some ninety days after the Fifth Court of Appeals affirmed his conviction - he never filed a petition and his final request for an additional extension was denied by the Court of Criminal Appeals. His dereliction and/or lack of diligence does not excuse his failure to have exhausted his insufficiency of the evidence claim in the context of his direct appeal.

In addressing the insufficiency of the evidence claims in the context of Brown's art. 11.07 application the trial court found that the claim was not cognizable in a habeas corpus proceeding. *See* App. No. WR-71,428-01, Findings of Fact and Conclusions of Law, 083-087, at 085, ¶ 2.

Petitioner argues that this finding on which the Court of Criminal Appeals denied his habeas application does not constitute a procedural bar to merits review. However, the law of this circuit is to the contrary. *See e.g. West v. Johnson,* 92 F.3d 1385, 1398, n. 18 (5th Cir. 1996) (collecting cases) cert. denied 520 U.S. 1242, 117 S.Ct. 1847 (1997). Therefore, relief on Brown's first ground is procedurally barred.

Alternatively, even were the court to consider this claim on the merits it is clear that the evidence presented was more than sufficient to satisfy the requirements of *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979). The evidence which the prosecution presented to the jury is summarized in great detail in the Fifth Court of Appeals' opinion. *See Brown v. State*, No. 05-06-1345-CR, opinion delivered on June 29, 2007, at pages 2-6.[2] In determining the legal sufficiency of the evidence the court is required to decide when viewing all of the evidence in the light most

---

[2]*See also* the annotated summaries of the evidence in the parties' direct appeal briefs. Appellant's brief at pages 2-12; State's brief at pages 1-8.

3

favorable to the prosecution whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Viewed in light of this standard it is clear that Brown's first ground is without merit.[3]

In his second ground Petitioner claims that he was denied effective assistance of counsel by his trial attorney. In support of this claim he lists several failures or omissions on the part of counsel.

Ineffective assistance of counsel claims are governed by the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to prevail on such a claim a habeas corpus petitioner must establish both "cause" - that the attorney's representation "fell below an objective standard of reasonableness" required by the Sixth Amendment, *Id.* at 687-88, *and* "prejudice" - to wit: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Id.* at 694. A failure to satisfy either prong forecloses relief. *See e.g. Schaetzle v. Cockrell,* 343 F.3d 440, 448 (5th Cir. 2003).

Brown's contention that his attorney should have asked for a jury shuffle fails because he can show no prejudice, i.e. that the petit jury which was seated was not fair and impartial because his attorney did not demand a jury shuffle. Insofar as he claims that his attorney did not properly investigate the case, Petitioner has also failed to prove prejudice, to wit: that there is a "reasonable probability" that but for the attorney's inadequate investigation that the jury would have found him not guilty, that is, a probability sufficient to undermine confidence in the jury's verdict. *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. 2052. In his affidavit filed in Brown's art. 11.07 application his

---

[3]As Respondent points out in his answer, factual sufficiency of the evidence fails to present a cognizable ground for federal habeas corpus relief. *See e.g. Woods v. Cockrell,* 307 F.3d 353, 357-58 (5th Cir. 2002).

trial attorney described the investigation which he conducted. *See* Application No. WR-71,428-01 at 100-101. While Petitioner describes the investigation which he believes the attorney should have pursued and what information he suggests would have been obtained, these assertions are matters of sheer speculation which are unsupported by facts which precludes a finding that he was prejudiced by any alleged deficiencies in the investigation.

Finally he complains of counsel's failure to file discovery motions or to seek forensic testing of his clothing. His attorney addressed these issues in his affidavit, observing that he had access to the prosecutor's files and that he chose not to have any testing done, lest it prove harmful to the defense. The trial court found the attorney's statements to be credible and dispositive of Petitioner's ineffective assistance of counsel claim. No. Wr-71,428-01, *supra,* at 085, ¶¶ 3-5.

As pointed out in *Schaetzle, supra,* 343 F.3d at 443, even were a federal court to believe that the state courts incorrectly decided the *Strickland* issue, relief cannot be granted unless it is also determined that the Court of Criminal Appeals denial resulted in: (1) " a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). *See also Yarborough v. Gentry,* 540 U.S. 1, 124 S.Ct. 1 (2003). Thus, even were this court to disagree with the Texas court's determination of Brown's ineffective assistance of counsel claim, it is clear that he cannot discharge the heavy burden imposed under §2254(d).

In his third ground for relief Petitioner argues that the trial court should have granted his motion for a directed verdict of acquittal. Assuming without deciding that this type of claim raises

5

a cognizable basis for federal habeas corpus relief, it is clear that in light of the fact that the evidence was sufficient to satisfy the requirements of *Jackson v. Virginia,* discussed above, that there was no basis for directing a "not guilty" verdict.

In his final ground for relief Brown claims that the trial court erred in defining the term "reasonable doubt" in its charge to the jury. The court's charge did not define the term, but merely set out a correct statement of the law that "It is not required that the prosecution prove guilt beyond *all possible* doubt." No. F-05-15693-IL, Clerk's Record, Volume One of One at 25. (Emphasis added). This ground is totally without merit.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 2nd day of September, 2009.

                                              _/s/ Wm. F. Sanderson, Jr._____
                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).