IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAIRELL BROWN**, | § |
| | § |
| Petitioner, | § |
| v. | § Civil Action No. **3:09-CV-472-L** |
| | § |
| **RICK THALER, Director**, | § |
| **Texas Department of Criminal Justice**, | § |
| **Correctional Institutions Division**, | § |
| | § |
| Respondent. | § |

## ORDER

Before the court is Dairell Brown's Petition for Writ of Habeas Corpus, filed March 11, 2009. The case was referred to Magistrate Judge Wm. F. Sanderson, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 2, 2009. Petitioner filed objections to the Report on September 17, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner asserts grounds of insufficiency of the evidence, ineffective assistance of counsel, and trial court error in reaching the jury verdict. Magistrate Judge Sanderson found that the petition was procedurally barred with respect to the insufficiency of the evidence contention, and found that the ineffective assistance of counsel and trial court error contentions were without merit.

Petitioner objects to the magistrate judge's findings in the Report. He first argues that his sufficiency of the evidence contention is not procedurally barred, because he raised the issue in his article 11.07 state habeas application to the trial court, notwithstanding that he did not seek review from the Texas Court of Criminal Appeals on direct appeal. Petitioner contends that this was sufficient insofar as exhausting his state remedies. Although an article 11.07 application without

Order – Page 1

petitioning for review from the Texas Court of Criminal Appeals on direct appeal may meet the exhaustion requirement for some habeas contentions, a sufficiency of the evidence contention is not one of them. *See West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996) ("[The Texas Court of Criminal Appeals], as we have held, has long held that the sufficiency of the evidence may only be raised on direct appeal, and may not be raised in state habeas."). Petitioner admits that he did not seek review to the high court, but explains that he did not seek review because he had no notice of an extension of time granted to him by the lower court. This extension gave Petitioner some ninety days (instead of the normal thirty) to seek review. Even if it is true that Petitioner did not receive notice of the extension, this court finds it incomprehensible that Petitioner would have gone sixty additional days without exercising diligence to follow up with the lower court to determine whether his motion to extend was granted. The court **overrules** Petitioner's objections to the magistrate judge's findings on the sufficiency of evidence contention, because his contention is procedurally barred.

Petitioner nevertheless argues that "fundamental fairness" should prevail, and that the court should consider his sufficiency of the evidence contention anyway. The magistrate judge actually did this, noting that even if the court were to consider Petitioner's claim on the merits, it is clear that the evidence presented at trial was more than sufficient to satisfy the requirements of *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The court agrees with the magistrate judge and stands by its ruling on Petitioner's objections to his findings on the sufficiency of the evidence contention.

Using his sufficiency of the evidence objections as a foundation, Petitioner further argues that the magistrate judge incorrectly determined that the trial court did not error in refusing to grant him a directed verdict. This objection, however, is moot because it turns on whether the evidence

**Order – Page 2**

before the trial court was insufficient to support the jury verdict. As the magistrate judge has already determined that the evidence was more than sufficient, it follows that his finding was correct in that the trial court did not error when it denied Petitioner's directed verdict. The court agrees and accordingly **overrules** Petitioner's objections to the magistrate judge's findings on the contention that the trial court committed error.

Petitioner next objects to the magistrate judge's findings on his ineffective assistance of counsel contentions. Specifically, he argues that the magistrate judge was wrong to consider the attorney's affidavit, which detailed the attorney's rationale in conducting the pretrial investigation as he did and his reasoning behind declining to run forensic testing on the evidence. It is not the domain of the court to scrutinize the tactical decisions made by counsel; a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The magistrate judge found the attorney's affidavit credible, and Petitioner cannot show that his attorney's actions resulted in actual prejudice. The court therefore **overrules** Petitioner's objections to the magistrate judge's findings on the ineffective assistance of counsel contention.

The remainder of Petitioner's rebuttal to the Report rehashes the arguments already made in his original habeas petition. All of these arguments were addressed at length in the Report. The court notes, however, that there remains a pending Motion to Amend Petitioner's Original § 2254 Petition, filed May 19, 2009. This amendment would add additional contentions to further support his ineffective assistance of counsel arguments. These additions, however, are procedurally barred because they were not part of Petitioner's original article 11.07 state habeas application. Petitioner has therefore not exhausted his state remedies, and the court **denies** his motion to amend.

**Order – Page 3**

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus.

**It is so ordered** this 7th day of October, 2009.

Sam A. Lindsay
United States District Judge